UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BELDEN-HUTTER, INC., | ) | CASE NO. 5:23-cv-2209 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| R.B. INTERNATIONAL, INC. | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant R.B. International, Inc. ("RBI") for leave to file a counterclaim under Ohio Rev. Code § 1335.11(D) for attorney's fees and costs of litigation. (Doc. No. 34.) Plaintiff Belden-Hutter, Inc. ("Belden-Hutter") filed a brief in opposition. (Doc. No. 35.) For the reasons set forth below, RBI's motion is **DENIED**, but the Court will accept a timely post-judgment motion for fees and costs if RBI prevails.

I.   BACKGROUND

RBI "manufactures industrial products, primarily consisting of ball bearings, for use in industries including food and beverage, steel manufacturing, and construction." (Doc. No. 12 ¶ 4.) In June 2019, RBI hired plaintiff Belden-Hutter as a commissioned sales representative for certain products within a defined territory. (*Id.* ¶ 6; *see also* Doc. No. 1-1.) This action arises from RBI's alleged "fail[ure] to pay commissions or to provide complete or accurate sales information to Belden-Hutter." (Doc. No. 1 ¶ 13.) Among other relief, Belden-Hutter seeks damages pursuant to Ohio Rev. Code § 1335.11, which governs payment of commissions to sales representatives. (*Id.* ¶¶ 26–32.) Relevant here, § 1335.11(D) provides that the "prevailing party in an action brought

under this section is entitled to reasonable attorney's fees and court costs." Ohio Rev. Code § 1335.11(D).

At the initial case management conference, both parties insisted this dispute is governed by an unambiguous contract. (*See* Minutes of proceedings [non-document], filed 3/12/2024.) Accordingly, the Court directed the parties "to file simultaneous motions regarding the meaning and scope of all pertinent provisions of the parties' governing contract that are needed to address the issues in dispute." (Doc. No. 18, at 1 (internal citation omitted).) The parties timely briefed the issue. (S*ee* Doc. Nos. 19–22.)

On June 24, 2024, the Court ruled in favor of Belden-Hutter, finding the parties' contract unambiguously entitled Belden-Hutter to commission on all orders received and accepted by RBI from Belden-Hutter's exclusive territory (except for two specific products, which the contract expressly carved out as non-commissionable). (*See generally* Doc. No. 23.) Thereafter, RBI began arguing that the contract "was modified by the parties' course of performance and that Belden-Hutter understood and agreed, through its words and actions, that it was not entitled to commissions on any additional sales" beyond those it had generated. (Doc. No. 30, at 6.) The parties have since commenced discovery. (*Id.* at 4.)

In the instant motion, RBI states that, "[b]ased on certain documents reviewed during the course of preparing RBI's responses to written discovery, RBI has concluded that [Belden-Hutter's] claims are unfounded," because "the parties' course of conduct, course of dealing, and course of performance demonstrate that RBI has paid [Belden-Hutter] all commissions owed." (Doc. No. 34, at 2.) RBI therefore predicts it will be the prevailing party, and so it "seeks leave to file a counterclaim for reasonable attorney's fees and court costs pursuant to Section 1335.11." (*Id.* at 3.)

2

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be freely allowed "when justice so requires." In determining whether to permit an amendment, courts consider whether there has been undue delay, lack of notice, bad faith, or repeated failure to cure deficiencies, and whether the amendment would cause undue prejudice to the party or would be futile. *See, e.g.*, *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citation omitted). The Sixth Circuit has held that an amended pleading is futile, and should not be permitted, if the amended claim could not withstand a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## III. DISCUSSION

Both parties agree that whichever party ultimately prevails will be entitled to reasonable attorney's fees and court costs under Ohio Rev. Code § 1335.11. (*See* Doc. Nos. 34, 35.) The only dispute before the Court is whether a counterclaim is the proper vehicle to seek such fees.

RBI contends that it is, citing a non-binding case in which the same counterclaim was asserted. (Doc. No. 34, at 1 (citing *Corp. Commc'n Servs. of Dayton, LLC v. MCI Commc'ns Servs., Inc.*, No. 3:08-cv-46, 2009 WL 3756274 (S.D. Ohio Nov. 9, 2009), *aff'd on other grounds sub nom. Corp. Commc'n Servs. of Dayton LLC. v. MCI Commc'ns Servs. Inc.*, 444 F. App'x 866 (6th Cir. 2011)).) In opposition, Belden-Hutter argues that Federal Rule of Civil Procedure 54(d)(2)(A) mandates that attorney's fees "'must'" be sought by post-judgment motion "unless substantive law requires the fees 'to be proved at trial as an element of damages,'" an exception which does not apply here. (Doc. No. 35, at 1 (quoting Fed. R. Civ. P. 54(d)(2)(A)).) Belden-Hutter further argues that the counterclaim in *MCI* was permitted to stand only because its

3

propriety was never challenged, and that the issue of attorney's fees was ultimately "resolved by motion after entry of judgment" anyways. (*Id.* at 2–3.)

The Court agrees with Belden-Hutter. Rule 54 makes clear that "[a] claim for attorney's fees and related nontaxable expenses *must be made by motion* unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added). Section 1335.11 does not require fees to be proved at trial as an element of damages, and RBI does not contend otherwise. Rather, § 1335.11(D) simply permits the Court to award attorney's fees and court costs to the "prevailing party," indicating that fees and costs are a matter to resolve after a determination on the merits. *See* Black's Law Dictionary (12th ed. 2024) (defining "prevailing party" as a "party in whose favor a judgment is rendered").

And although the defendant in *MCI* asserted a counterclaim for fees under § 1335.11, the plaintiff in that case never argued that the counterclaim was improper, and so the court did not consider the issue. Neither party cites to any cases directly analyzing this issue under § 1335.11, but it appears that the usual procedure in actions arising under § 1335.11, including in RBI's cited cases, is for the prevailing party to seek fees by post-judgment motion. *See, e.g.*, *MCI*, 3:08-cv-46 (S.D. Ohio 2008) (ECF No. 105); *Booth v. Copeco, Inc.*, No. L-19-1062, 2019 WL 7212382, at *1 (Ohio Ct. App. Dec. 27, 2019) ("After the complaint was dismissed, [defendant] sought attorney fees pursuant to R.C. 1335.11(D)."); *see also Kosta v. Ohio Outdoor Adver. Corp.*, 659 N.E.2d 810, 811 (Ohio Ct. App. 1995); *Meek v. Tom Sexton & Assocs.*, No. CV-2004-02-1169, 2006 Ohio Misc. LEXIS 2113, at *8 (Ct. Com. Pl. Jan. 6, 2006).

Additionally, numerous courts have dismissed counterclaims seeking attorney's fees under similar statutory provisions as premature or lacking a statutory cause of action. *See, e.g.*, *R.J. Heating Co. v. Rust*, No. 1:22-cv-710, 20s24 WL 1307114, at *6 (N.D. Ohio Mar. 27, 2024)

4

(dismissing counterclaim for attorney's fees under the Defend Trade Secret Act, and collecting cases); *Beijing Meishe Network Tech. Co. v. TikTok Inc.*, No. 23-cv-6012, 2024 WL 4627049, at *2–4 (N.D. Cal. Oct. 8, 2024) (same); *Jane St. Grp., LLC v. Millennium Mgmt. LLC*, No. 24-cv-2783, 2024 WL 3460987, at *2–3 (S.D.N.Y. July 18, 2024) (same); *see also Washington v. Fin. Sys. of Toledo, Inc.*, No. 18-cv-2653, 2019 WL 6037051, at *5 (N.D. Ohio Nov. 14, 2019) (applying Rule 54(d)(2)(A) to dismiss counterclaim for fees and costs under the Fair Debt Collection Practices Act, and collecting cases); *Kropf v. TCA, Inc.*, 752 F. Supp. 2d 797, 800 (E.D. Mich. 2010) (same); *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-cv-1098, 2011 WL 4729807, at *6 (M.D. Tenn. Oct. 7, 2011) (dismissing counterclaim for fees under 17 U.S.C.A. § 505). The Court finds these cases persuasive and applicable here.

Accordingly, the Court concludes that RBI's proposed counterclaim could not survive a Rule 12(b)(6) motion to dismiss. The proposed amendment is therefore denied as futile. *Rose*, 203 F.3d at 420. This ruling in no way affects RBI's right to seek fees and costs by post-judgment motion, should it ultimately prevail.

**IV.    CONCLUSION**

For the reasons set forth above, defendant's motion for leave to file a counterclaim is **DENIED WITHOUT PREJUDICE**. In the event defendant prevails, it may timely file a motion for attorney's fees.

**IT IS SO ORDERED**.

Dated: February 11, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

5